UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CAMERON DAVON WRIGHT,

        Petitioner,                    Case No. 1:23-cv-472

v.                                       Honorable Ray Kent

JAMES SCHIEBNER,

        Respondent.

_____/

**OPINION**

Petitioner Cameron Davon Wright commenced this action with the assistance of counsel by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1), along with a motion to stay these proceedings and hold them in abeyance (ECF No. 2). For the reasons stated below, the Court will grant in part and deny in part Petitioner's motion to stay these proceedings and hold them in abeyance.

Petitioner is serving sentences following his conviction for multiple offenses in four criminal proceedings in the Kent County Circuit Court: (1) the specific convictions under attack in this action that were entered in *People v. Wright*, Case No. 18-01493-FC (Kent Cnty. Cir. Ct.) (the Davis murder); (2) the convictions under attack in a parallel habeas corpus action, *Wright v. Schiebner*, No. 1:22-cv-392 (W.D. Mich.), that were entered in *People v. Wright*, Case No. 18-06740-FC (Kent Cnty. Cir. Ct.) (the Swift murder); (3) a conviction entered in *People v. Wright*, Case No. 14-09000-FH (Kent. Cnty. Cir. Ct.) (the "fleeing" case); and (4) convictions entered in *People v. Wright*, Case No. 13-07991-FH (Kent. Cnty. Cir. Ct.) (the drug case).

As a result of the various convictions, Petitioner is currently serving two concurrent consecutive sentence strings. The string related to the Davis murder commenced on February 28, 2019 (with credit for 460 days of time served). The string started with a 2-year sentence for a felony-firearm violation. When that sentence is complete—and it is now complete—Petitioner is required to serve concurrent sentences of life imprisonment without parole, for first-degree murder, and 6 to 10 years' imprisonment, for possession of a firearm by a felon and carrying a concealed weapon.

The other consecutive string begins with concurrent sentences from the drug case and the "fleeing" case. When those sentences are complete, Petitioner will begin serving the sentences for the Swift murder. The Swift sentences will commence with a 5-year sentence for felony-firearm. Upon completion of that sentence, Petitioner will serve concurrent sentences of life imprisonment without parole for first-degree murder and 50 to 100 years' imprisonment for possession of a firearm by a felon.[1]

At issue in this case are the Davis murder convictions for first-degree murder, possession of a firearm by a felon, carrying a concealed weapon, and felony-firearm. Petitioner was sentenced for those offenses on February 28, 2019. He appealed his convictions.

---

[1] Petitioner is advised that the presence of the two concurrent life-imprisonment strings implicates the "concurrent sentencing doctrine," which invests the court with discretion to decline to hear a substantive challenge to a conviction and sentence when the sentence the petitioner is serving on the challenged conviction is concurrent with an equal or longer sentence on a valid conviction. *See United States v. Hughes*, 964 F.2d 536, 541 (6th Cir. 1992); *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989); *see also Harris v. Burt*, No. 18-1929 (6th Cir. Mar. 14, 2019) (affirming this Court's application of the doctrine to decline to conduct habeas review of one murder conviction with a life sentence where the petitioner was serving concurrent life sentences for other murder convictions).

By opinion issued July 1, 2021, the Michigan Court of Appeals rejected Petitioner's challenges to his convictions and affirmed the trial court. *People v. Wright*, No. 348250, 2021 WL 2772864 (Mich. Ct. App. Jul. 1, 2021). Petitioner then sought leave to appeal to the Michigan Supreme Court. That Court denied leave by order entered March 8, 2022. *People v. Wright*, 97 N.W.2d 885 (Mich. 2022).

In his petition, Petitioner raises several grounds for relief. (Pet., ECF No. 1, PageID.2–4.) In Petitioner's motion for stay, he explains that he would like to raise new issues "that have not been exhausted and . . . have not been investigated fully." (Pet'r's Mot., ECF No. 2, PageID.18.) Petitioner asks the Court to stay these proceedings to permit him to exhaust state court remedies with respect to those issues. Petitioner indicates that he intends to file a motion for relief from judgment in the trial court to raise these issues. Petitioner asks for 90 days to permit counsel to complete his review and either commence a state collateral action or submit a brief in support of this petition. Presumably counsel would pursue the latter option if exhaustion of other issues was deemed unnecessary.

Habeas petitions by state prisoners are subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court.

The Michigan Supreme Court denied Petitioner's application for leave to file a direct appeal on March 8, 2022. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, would not begin to run until the ninety-day period in which Petitioner could seek such review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 6, 2022. Petitioner's period of limitation, therefore, would run until June 6, 2023. Petitioner filed his motion on May 8, 2023, with only twenty-nine days remaining in the period of limitation.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S.

4

838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Although Petitioner has exhausted several issues in the state appellate courts, he appears to acknowledge that he has failed to exhaust his state court remedies with regard to a few other potential claims.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the new issues. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust any unexhausted claims, Petitioner must file a motion for relief from judgment in the Kent County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions including unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid that harsh result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to petitions that include unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). That is the relief Petitioner seeks—at least in part.

As noted above, Petitioner filed his motion with only a few weeks left in the period of limitation. That period will soon expire. Nonetheless, the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

When Petitioner commenced this action, he had less than sixty days remaining before the statute of limitations would expire. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this Court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

Petitioner has asked the Court for 90 days to investigate unexhausted claims and then decide whether to pursue exhaustion in the state courts or simply proceed with his habeas petition as filed. Petitioner has also asked for 90 days after the Michigan Supreme Court has denied leave to appeal to return to this Court. The requested time significantly exceeds the time that the Sixth Circuit Court of Appeals concluded was reasonable in *Palmer* and the time that this Court typically allows for *pro se* incarcerated Petitioners. Accordingly, the Court will not permit Petitioner 90 days to make his decision. But the Court will give Petitioner the full 30-day period commencing when his period of limitation would have otherwise expired. Thus, his motion is granted in part and denied in part.

Petitioner shall, on or before July 6, 2023, file his motion for relief from judgment or a motion to lift the stay indicating that he intends to proceed with the petition as filed. This action will be stayed, and held in abeyance, until Petitioner either (a) files a motion to amend his petition to include any subsequently exhausted claims—such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of the decision at each step of state-court review; or (b) files a motion to lift the stay, on or before July 6, 2023, indicating that he intends to proceed with the petition as filed. If Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

The Court will order this action to be administratively closed until such time as Petitioner files a motion to amend his petition or a motion to lift the stay in accordance with the procedures set forth above.

Dated:  May 30, 2023                             /s/ Ray Kent
                                                 Ray Kent
                                                 United States Magistrate Judge